**FILED**
FEB 07 2007
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON JACKSON,<br><br>        Plaintiff,<br><br>v.<br><br>T. PREWETT *et al.*,<br><br>        Defendants. | Civil No. 04CV189-L(AJB)<br><br>**ORDER DENYING DEFENDANT'S EX PARTE APPLICATION TO HAVE PLAINTIFF SHACKLED AT TRIAL** |

Defendant's Ex Parte Application to Have Plaintiff Shackled at Trial came on the court's calendar immediately prior to commencement of jury trial on February 7, 2007. Terrence F. Sheehy, Deputy Attorney General, appeared on behalf of Defendants Prewett and Likos, who were present in court. Plaintiff Byron Jackson appeared *pro se*. For the reasons stated on the record and further stated herein, Defendants' ex parte application is **DENIED**.

While "it is essential to the proper administration of criminal[1] justice that dignity, order and decorum be the hallmarks of all court proceedings," *Illinois v. Allen*, 397 U.S. 337, 343 (1970), "[t]he trial judge has discretion to order a disruptive, contumacious, stubbornly defiant defendant placed in shackles," *Jones v. Meyer*, 899 F.2d 883, 884 (9th Cir. 1990) (internal

---

[1] Although the criminal case precedents do not necessarily apply in a civil proceeding, they are persuasive. *Tyars v. Finner*, 709 F.2d 1274, 1285 (9th Cir. 1983); *see also Duckett v. Godinez*, 67 F.3d 734, 748 (9th Cir. 1995) (presumption of innocence does not apply in civil cases, however, they nevertheless rely on criminal case precedents).

quotation marks and citations omitted). "The constitutionally permissible purpose for restraining such a contumacious defendant is to maintain order in the courtroom and the integrity of the trial process in the face of an actual obstruction of justice. Shackling, restraining or even removing a [party] from the courtroom must be limited to cases urgently demanding that action, based upon a balancing of the [party's] rights to be present and to have an impartial jury with the need for orderly administration of justice." *Tyars*, 709 F.2d at 1284 (internal quotation marks and citations omitted.) In this regard, the court engages in a two step analysis: "First, the court must be persuaded by compelling circumstances that some measure [i]s needed to maintain the security of the courtroom. Second, the court must pursue less restrictive alternatives before imposing physical restraints." *Jones*, 899 F.2d at 884-85 (internal quotation marks and citations omitted).

     Defendants submitted voluminous records regarding Plaintiff's criminal record and prison disciplinary history. Plaintiff is serving a lengthy sentence for a burglary conviction, and has an extensive prison disciplinary record, including disobeying the correctional officers' orders. However, neither the criminal nor the disciplinary record support a finding of any inclination toward violence, flight or disruption of the proceedings. Plaintiff assured the court that he intends to conduct himself appropriately during trial. Furthermore, the security and order of proceedings are being assured by the presence of a Court Security Officer, a United States Marshal and a San Diego County Sheriff Deputy. Accordingly, in balancing Plaintiff's right to an impartial jury with the need for orderly administration of justice, the court finds shackling Plaintiff is not warranted at this time. Should Plaintiff's conduct during trial indicate otherwise, the court will revisit the issue at that time.

/ / / / /
/ / / / /
/ / / / /
/ / / / /
/ / / / /
/ / / / /

1     For the foregoing reasons, Defendants' Ex Parte Application to Have Plaintiff Shackled
2 at Trial is **DENIED**. Plaintiff is not to be shackled in the courtroom for the duration of the jury
3 trial commencing on February 7, 2007, unless otherwise ordered by the court.
4     **IT IS SO ORDERED**.

6 DATED: February 7, 2007

                                          M. James Lorenz
                                          United States District Court Judge

8 COPY TO:
9 HON. ANTHONY J. BATTAGLIA
  UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL